UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERARDO SANCHEZ LOPEZ, | Case No. 2:26-cv-02543-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRUCE SCOTT, et al., | |
| Respondents. | |

## I.    ORDER

The petition for writ of habeas corpus is GRANTED. The parties agree that Petitioner is a

Bond Denial Class member in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash.

2025). Dkt. 1 at 1; Dkt. 4 at 2. Noncitizens "present without admission who are apprehended in

the interior of the United States are subject to the detention regime of § 1226, not

§ 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424, at *3 (9th Cir.

July 30, 2026). Petitioner has shown that his mandatory detention under § 1225(b) violates the

Immigration and Nationality Act ("INA"), entitling him to habeas relief. *See* 28 U.S.C.

§ 2241(c)(3).

Petitioner argues that the appropriate remedy is immediate release because "experience in

this District demonstrates that ordering a bond hearing alone does not necessarily remedy the

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

constitutional injury identified in *Rodriguez-Vazquez v. Bostock.*" Dkt. 1 at 6–9. However, the Court declines to bypass the statutory procedure provided by the INA. As the Court recently observed:

> Petitioner has presented neither the legal authority nor the type of factual record that would allow the Court to order immediate release for every class member . . . or to substitute its own authority to decide in the first instance whether a noncitizen is entitled to discretionary release on bond when the INA commits that decision to the executive branch. The Court's role is to adjudicate legal challenges to those decisions once they occur, and to grant habeas relief when a petitioner shows that his detention violates the law.

*Caldera Orozco v. Hernandez*, No. 2:26-cv-02313-TMC, 2026 WL 2186144, at *2 (W.D. Wash. July 29, 2026).

For the reasons explained above, the Court ORDERS as follows:

1.      The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.      Within seven days of receiving Petitioner Gerardo Sanchez Lopez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a). Petitioner must request a bond hearing to receive this relief.

3.      If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4.      Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412 and the parties are encouraged to confer before filing a petition.

Dated this 11th day of August, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2